In the Matter of JAMES G. OXNARD, Petitioner, *v.* JOSEPH H. MURPHY et al., Constituting the State Tax Commission, Respondents.

Third Department, June 27, 1963.

*Ryan & Le Viness (James W. O'Neil, Jr., and Mark J. Ryan* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General (Robert W. Bush* and *Paxton Blair* of counsel), for respondents.

GIBSON, J.   Petitioner, a nonresident, seeks refunds of personal income taxes paid upon executor's commissions received by him from an estate administered in New York.   The application was decided by the commission upon a stipulated statement of facts, from which it appears, among other things, that at all times relevant to the issues in this proceeding petitioner was a resident of New Mexico, was not a domiciliary or resident of New York and maintained no office or place of business in New York; that he rendered none of his services as executor within the State of New York and that all of them were performed at his home in New Mexico; and that such services "included a personal review of the decedent's and the estate's investments from time to time; consultations at his home with his co-executor * * *; execution of stock powers and other documents covering the decedent's and the estate's stocks, bonds, bank accounts, custodian accounts, estate tax return, power of attorney and similar papers customarily required in the administration of an estate."

The commission determined that the executor's commissions " constituted gross income from sources within New York State which was taxable to the taxpayer as a nonresident pursuant to the provisions of Section 359, subdivision 3 of Article 16 of the Tax Law ".   In our view, the single, narrow issue thus presented is the construction of the term " gross income from sources within the state ", as employed in the statute.   (Tax Law, § 359, subd. 3.)

The commission has, by regulation, classified the bases of income taxes upon nonresidents in this language: " In the case of a nonresident, the tax is imposed upon his entire net income and net capital gain from sources within the State; that is, (a) from all property owned, (b) from every business, trade, profession or occupation carried on and (c) from services rendered within the State of New York." (20 NYCRR 260.1.) Apparently, the commission does not contend that petitioner was engaged in a " business, trade, profession or occupation " carried on in New York (Tax Law, § 351; 20 NYCRR 260.1) which the commission's regulation defines as follows: " A business, trade, profession or occupation (as distinguished

from personal service as employee) is carried on within the State by a nonresident when he occupies, has, maintains or operates desk room, an office, a shop, a store, a warehouse, a factory, an agency or other place where his affairs are systematically and regularly carried on * * *. This definition is not exclusive. Business is being carried on if it is here with a fair measure of permanency and continuity.'' (20 NYCRR 261.5.) In this case, the stipulation states that petitioner '' maintained no office or place of business in the State of New York.'' Nor, of course, does the commission contend that petitioner's income was '' from services rendered within the State of New York '', as categorized by its regulation above quoted (20 NYCRR 260.1) or such as to come within its further regulation providing, so far as here pertinent, that '' The gross income of a nonresident (not engaged in the practice of a trade, profession or occupation on his own account, but employed and receiving compensation for his services) includes compensation for personal services only if, and to the extent that, the services were rendered within the State of New York.'' (20 NYCRR 261.2); which regulation is claimed, in the commission's brief, to relate solely to employees. Consequently, the precise category contemplated by the commission's determination here does not clearly appear.

Whatever question may exist in this respect is not of decisive importance, however, as we have concluded that, in any event, the commission's finding that the income was from sources within the State was predicated upon an erroneous construction of that statutory language. In our view, the term was correctly construed, soon after the enactment of the statute, in an opinion rendered by the Attorney-General, who considered that '' the work done, rather than the person paying for it, should be regarded as the ' source ' of income.'' (1919 Atty. Gen. 301.) We find persuasive, also, the opinion of the United States Tax Court that commissions awarded the executrix of a New Jersey estate for services performed in Italy were '' received from sources without the United States '' (within the meaning of that term appearing in section 911 [subd. (a), par. (1)] of the Internal Revenue Code of 1954) and that '' the fact that the final approval rested with the New Jersey court over the estate and trust would not cause such services to be performed in the United States.'' (*Perkins* v. *Commissioner*, 40 T C No. 40 [May 17, 1963].)

In general, the cases cited by respondents dealt with businesses and professions carried on in New York and none of them

presented the question of statutory construction posed in this case.

The determination should be annulled, with $50 costs, and the matter remitted to the State Tax Commission.

BERGAN, P. J., COON, REYNOLDS and TAYLOR, JJ., concur.

Determination annulled, with $50 costs, and matter remitted to the State Tax Commission.